UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PLAVIX PRODUCTS LIABILITY LITIGATION　　　　　MDL No. 2300

ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi-Aventis U.S. Inc., and Sanofi-Synthelabo, Inc. move for centralization of the twelve actions[1] listed on Schedule A in the District of New Jersey. All responding plaintiffs oppose centralization.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Certainly, these twelve actions, which are all either personal injury or wrongful death cases, do involve some common factual issues concerning the development, manufacture, regulatory approval, labeling, and marketing of Plavix, a popular anti-clotting drug.[2] The ten actions pending in the District of New Jersey, however, all were commenced in either 2006 or 2007, and are far more advanced than the other two actions, both of which were commenced in 2011. Moving defendants themselves acknowledge that they have completed all document production in the constituent District of New Jersey actions (approximately 3.5 million pages); the parties have served and responded to other written discovery; and most, if not all, depositions of the plaintiffs have been completed. *See In re Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F. Supp. 2d 1375, 1378 (J.P.M.L. 2010) (denying centralization of 102 personal injury actions, in part because the actions were at "widely varying procedural stages"). Furthermore, plaintiffs in the constituent District of New Jersey actions are barred, by court order, from seeking Plavix-related documents created in or after 2007, whereas plaintiffs with actions pending outside of that district appear to face no such bar. Centralizing the actions thus likely would delay the progress of the long-pending actions in the District of New Jersey, while providing little, if any, benefit to the plaintiffs therein.

---

　　[1]　Although the motion, as filed, encompassed seventeen actions, the four actions pending in the Southern District of New York have been into a single action; an action removed to the Southern District of Illinois has been remanded to state court; and an action in the District of Arizona has been dismissed.

　　[2]　According to the record, Plavix has been on the market since the late 1990s.

- 2 -

The limited number of actions[3] and relatively few involved counsel also weigh against centralization. The District of New Jersey plaintiffs are all represented by the same law firms, and plaintiffs in the actions pending in the Eastern District of New York and the Southern District of New York actions also share counsel.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul G. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

---

[3] The Panel has been informed of only two related pending federal court actions (both commenced in the District of New Jersey).

**IN RE: PLAVIX PRODUCTS LIABILITY LITIGATION**  MDL No. 2300

## SCHEDULE A

<u>District of New Jersey</u>

Eloise Labarre v. Bristol-Myers Squibb Company, et al., C.A. No. 3:06-06050
Patricia Begley v. Bristol-Myers Squibb Company, et al., C.A. No. 3:06-06051
Dempsey Eugene Cooper v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-00885
Sharon Mattson v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-00908
Jerry Mayberry v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-00942
Julie Carr-Davis v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-01098
Billy Q. Rutledge v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-01099
Ronald W. Solomon v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-01102
Gwendolyn Newell v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-01184
George Dawkins, Jr. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-01186

<u>Eastern District of New York</u>

Marcella Chesney v. Bristol-Myers Squibb Company, et al., C.A. No. 1:11-03246

<u>Southern District of New York</u>

Kenneth Petit v. Bristol-Myers Squibb Company, et al., C.A. No. 1:11-05159